UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HIRAM SANTILLAN, on behalf of all others similarly situated aggrieved employees,<br><br>  Plaintiff,<br><br>v.<br><br>VERIZON CONNECT, INC., a Delaware corporation,<br><br>  Defendant. | Case No.: 21cv1257-H-KSC<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (PLAINTIFF'S CONTENTION INTERROGA-TORIES TO DEFENDANT)**<br><br>**[Doc. No. 23.]** |

Before the Court is the parties Joint Motion for Determination of Discovery Dispute. [Doc. No. 23.] In the Joint Motion, plaintiff seeks an order compelling defendant to provide supplemental responses to certain contention interrogatories. Defendant responded to these interrogatories with boilerplate objections and by referring to documents as permitted under Federal Rule of Civil Procedure 33(d). [Doc. No. 23, at p. 16.] For the reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling defendant to provide supplemental responses to certain contention interrogatories must be GRANTED.

/ / /

/ / /

### *Background*

Plaintiff filed a class action Complaint against defendant, his former employer, for failure to: pay overtime wages at legal rate; provide meal periods; pay all wages; reimburse business expenses; pay all wages in form of cash/check; furnish accurate wage statements; and pay all wages at termination. The Complaint also includes causes of action for unfair business practices and recovery of civil penalties under the Private Attorneys General Act ("PAGA") for violations of the Labor Code. [Doc. No. 1-2, at pp. 3-37.] According to the Complaint, plaintiff worked as a salaried, non-exempt employee of defendant from approximately January 6, 2020 to December 9, 2020. [Doc. No. 1-2, at p. 5.] The Complaint does not include any further factual details outlining the basis for the claimed violations of California's wage and hour laws.

### *Discussion*

Plaintiff served defendant with several contention interrogatories (Interrogatory Nos. 7-10 and 12-15) seeking to learn defendant's position as to why it believes it has complied with California wage and hour laws. For example, Interrogatory No. 7 requests that defendant state all facts which support its contentions that it paid "the appropriate overtime pay rate" to class members during the relevant time. [Doc. No. 23, at p. 3.]

Defendant responded to these interrogatories with boilerplate objections and references to specific documents that contain responsive information. [Doc. No. 23, at pp. 1-15.] According to defendant, the referenced documents have already been produced to plaintiff. [Doc. No. 23, at p. 20.]

In the Joint Motion, plaintiff argues that defendant's responses to Interrogatory Nos. 7 through 10 and 12 through 15 are not adequate, because it is not acceptable to simply refer to documents in response to contention interrogatories. In addition, plaintiff complains that defendant's responses are not adequate, because they were not made under oath as required by Federal Rule of Civil Procedure 33(b)(3). ]Doc. No. 23, at p. 16.]

///

Defendant argues that it has already provided plaintiff with adequate responses to these interrogatories for several reasons. First, defendant contends that plaintiff's contention interrogatories are premature because the case is at the pre-class certification stage; the parties have not yet had an opportunity to complete depositions and other discovery on liability issues; and plaintiff's theory of the case is unclear based on the allegations in the Complaint. [Doc. No. 23, at pp. 22-23.]

Based on the status of the case, the Court finds that the subject contention interrogatories are not premature. Class discovery was originally scheduled to be completed by November 30, 2021, but the deadline was extended to January 31, 2022 and is now expired. [Doc. No. 14.] The February 21, 2022 extended deadline for the filing class certification motions is fast approaching. [Doc. No. 20.] Thus, the class certification stage of this litigation is nearly complete, and discovery on liability will need to be completed regardless of the outcome of a class certification motion. In addition, to the extent the basis for plaintiff's claims is unclear, defendant has had sufficient time to seek a more definite statement via motion practice and/or to propound discovery to learn a more specific basis for each of plaintiff's claims. Accordingly, the Court finds there is no reason the parties should not proceed with discovery pertaining to liability forthwith.

Second, defendant argues that "allowing contention interrogatories at this stage would effectively provide plaintiff an avenue to preview [defendant's] opposition to class certification, which would unfairly disadvantage and prejudice defendant." [Doc. No. 23, at p. 24.] However, without more, this argument is unconvincing. The subject contention interrogatories appear to pertain exclusively to liability issues. Defendant does not explain how its responses to contention interrogatories about liability issues would allow plaintiff an unfair preview to its opposition to class certification when the contention interrogatories pertain to liability issues.

Third, defendant argues that plaintiff's interrogatories are "overly broad," because they seek "all facts" supporting defendant's defenses to liability when plaintiff's claims are not specific and when significant discovery has not yet been completed. [Doc. No.

23, at p. 23.] As defendant argues, courts "will generally find [contention interrogatories] overly broad and unduly burdensome on their face to the extent they ask for 'every fact' [or 'all facts'] which support[] identified allegations or defenses." *Hiskett v. Wall-Mart Stores, Inc.*, 180 F.R.D. 403, 404-405 (D. Kan. 1998). "Interrogatories may, however, ask for the 'principal or material' facts which support an allegation or defense." *Id.* In other words, this issue is easily corrected. Defendant is instructed to read the subject contention interrogatories as requesting all the principal or material facts.

Fourth, defendant believes its responses to plaintiff's contention interrogatories are adequate because Federal Rule of Civil Procedure 33(d) permits a responding party to make business records available in response to an interrogatory "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed.R.Civ.P. 33(d). [Doc. No. 23, at pp. 20-21.] However, defendant's argument is untenable. It is obvious that the burdens are not equal under the circumstances. "[D]ocuments themselves rarely, if ever, reveal contentions of fact or law. A party reveals its contentions." *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). "[T]he answers to the interrogatories cannot fairly be derived from the records to which [defendant] refer[s]. Each of the interrogatories at issue directs a plaintiff to 'state the facts' supporting [defendant's defenses to liability.] None of the interrogatories ask for the evidence or documents supporting those [defenses]." *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997). Accordingly, to the extent its contentions are known at this juncture of the litigation, counsel must provide plaintiff with supplemental responses that reveal those contentions in response to the subject interrogatories.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an order compelling defendant to provide supplemental responses to Interrogatory Nos. 7 through 10 and 12 through 15 is GRANTED. ***Within ten (10) days of the date this Order is entered***, defendant must provide plaintiff with supplemental responses to these contention interrogatories that directly address the information requested. As required by

1  Federal Rule of Civil Procedure 33(b)(3), defendant's responses must be "under oath."
2  Fed.R.Civ.P. 33((b)(3).
3      IT IS SO ORDERED.
4  Dated:  February 10, 2022

Hon. Karen S. Crawford
United States Magistrate Judge