Kevin T. Barnes, Esq. (#138477)
LAW OFFICES OF KEVIN T. BARNES
1041 Parkside Commons, Suite 101
Greensboro, GA 30642-4519
Tel.: (213) 793-9100
Email: Barnes@kbarnes.com

Vanessa M. Ruggles, Esq. (#254031)
VANESSA M. RUGGLES, ESQ.
1717 E. Vista Chino, Suite A7, PMB 117
Palm Springs, CA 92262-3569
Tel.: (760) 699-7215 / Fax: (866) 606-6593
Email: VMRuggles@gmail.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ANTONIO HIRAM SANTILLAN,
on behalf of all other similarly situated aggrieved employees

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HIRAM SANTILLAN, on behalf of all other similarly situated aggrieved employees, | **CLASS ACTION** |
| | **Case No.** 3:21-cv-1257-H-KSC |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | **1) FAILURE TO PAY OVERTIME WAGES AT THE LEGAL OVERTIME PAY RATE;** |
| VERIZON CONNECT, INC., a Delaware corporation, and DOES 1 to 100, inclusive, | **2) FAILURE TO PROVIDE ALL MEAL PERIODS;** |
| | **3) FAILURE TO PAY ALL WAGES;** |
| Defendants. | **4) FAILURE TO REIMBURSE BUSINESS EXPENSES;** |
| | **5) VIOLATION OF LABOR CODE §§ 212/450;** |
| | **6) FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| | **7) VIOLATIONS OF LABOR CODE §§ 201-202;** |
| | **8) VIOLATIONS OF THE FLSA;** |
| | **9) UNFAIR BUSINESS PRACTICES; AND** |
| | **10) PENALTIES UNDER LABOR CODE § 2699** |
| | **JURY TRIAL DEMANDED** |

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**



)
)    Honorable Marilyn L. Huff
)
)    Action filed: May 19, 2021
)    Trial Date: None Set
)

Plaintiff Antonio Hiram Santillan, on behalf the State of California and all other similarly situated aggrieved employees (hereinafter collectively referred to as "Plaintiffs"), complains and alleges as follows against Defendants Verizon Connect, Inc., and Does 1 to 100 (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## <u>INTRODUCTION</u>

1.    This is a civil action seeking recovery for Defendants' violations of the California Labor Code, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission (the "IWC Wage Orders"), and related common law principles.

2.    Plaintiffs' action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent, and/or unfair business practices.

3.    The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter, although this should not automatically be considered the statute of limitations for any cause of action herein.

<u>SUMMARY OF CLAIMS</u>

4.    With regard to Defendants' hourly-paid employees, Defendants have:

    a.    Failed to pay overtime wages at the legal overtime pay rate;

---

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**

b.      Failed to provide all legally-requisite meal periods;

c.      Failed to pay all wages due;

d.      Failed to reimburse business expenses;

e.      Violated Labor Code §§ 212 and 450;

f.      Derivatively failed to timely furnish accurate itemized wage statements;

g.      Derivatively violated Labor Code §§ 201-202;

h.      Violated the FLSA;

i.      Incurred penalties under Labor Code §§ 2698, et seq.; and

j.      Conducted unfair business practices.

5.      Such policies and practices, as described herein, violate the Labor Code, and therefore trigger civil penalties. Therefore, Plaintiff Antonio Hiram Santillan, on behalf of all aggrieved employees, also brings this representative PAGA action for violations of the Labor Code, seeking penalties for the violations alleged herein, reasonable attorney's fees and costs, and other relief as deemed proper.

## II.

## PARTIES

### PLAINTIFF ANTONIO HIRAM SANTILLAN

6.      Plaintiff Antonio Hiram Santillan is an individual over the age of 18 and is now and/or at all times mentioned in this Complaint was a citizen of the State of California.

7.      Plaintiff Antonio Hiram Santillan worked for Defendants as a salaried non-exempt employee from approximately January 6, 2020, to December 9, 2020, in San Diego, California.

### DEFENDANT VERIZON CONNECT, INC.

8.      Defendant Verizon Connect, Inc., is now and/or at all times mentioned in this Complaint was a Delaware corporation and the owner and operator of an industry, business, and/or facility licensed to do business and actually doing business in the

State of California.

DOES 1 TO 100, INCLUSIVE

9.      DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California.

10.      Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names under California Code of Civil Procedure ("CCP") § 474.

11.      Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

12.      Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

13.      Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.      Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

15.      Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

16.      Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**

the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

17.    Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

18.    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1446 and 1453.

20.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## V.

## COLLECTIVE ACTION ALLEGATIONS

21.    This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for liquidated damages and attorneys' fees under the FLSA.

22.    In addition to Plaintiffs, Defendants employed numerous employees throughout California during the last three years, who were paid and subject to the same unlawful policies as Plaintiffs, and are similar in terms of pay structure and denial of overtime wages.  As such, the "FLSA Collective Action Members" is properly defined as follows:

> All California citizens employed by Defendants as non-exempt employees who worked at least one week in the last three-year period before the filing of the original Complaint to the present.

23.    These FLSA Collective Action Members should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b), for the purpose of

adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## IV.

## CLASS ACTION ALLEGATIONS

24.    FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

25.    Further, CCP §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

26.    Plaintiffs bring this suit as a class action pursuant to FRCP 23 and CCP §382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

27.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

b.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period

Class");

c.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding auto-deduction of meal periods as specifically described herein (hereinafter, the "Wage Class");

d.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding as specifically described herein (hereinafter, the "Reimbursements Class");

e.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding payment of bonuses with non-negotiable instruments as specifically described herein (hereinafter, the "LC 212 Class");

f.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Wage Statement Class");

g.    All formerly-employed California citizens employed by Defendants as non-exempt employees during the appropriate time period subjected to Defendants' policies and practices regarding Labor Code §§ 201-202 and the payment of all final wages (hereinafter, the "LC 203 Class");

h.    All California citizens employed by Defendants as non-exempt employees during the appropriate time period whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or

practices prohibited by B&PC § 17200, et seq., as specifically described herein (hereinafter, the "17200 Class").

28.    The Overtime Rate Class, Meal Period Class, Wages Class, Reimbursements Class, LC 212 Class, Wage Statement Class, LC 203 Class, and 17200 Class are hereinafter collectively referred to as the "Classes".

29.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

30.    <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)); (<u>CCP</u> §382):

    a.    The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

    b.    The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

    c.    The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

    d.    The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

31.    <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a.    Whether Defendant's calculations of the overtime rate are illegal with regard to members of the Overtime Rate Class;

    b.    Whether Defendants failed to provide legally-requisite meal

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**

periods to the members of the Meal Period Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

c.   Whether Defendants paid the legal and appropriate straight time pay, minimum wage pay, and/or overtime pay for all work hours to the members of the Wage;

d.   Whether Defendants failed and continue to fail to fully reimburse business expenses to members of the Reimbursement Class;

e.   Whether Defendants' bonus payment policies and practices are illegal with regard to the members of the LC 212 Class;

f.   Whether Defendants failed to timely furnish accurate, itemized, and legal wage statements to the members of the Wage Statement Class;

g.   Whether Defendants failed to timely pay final wages under Labor Code §§ 201-202 to the members of the LC 203 Class;

h.   Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC § 17200, et seq.;

i.   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

j.   Whether the members of the Classes are entitled to injunctive relief;

k.   Whether the members of the Classes are entitled to restitution;

l.   Whether Defendants are liable for pre-judgment interest; and

m.   Whether Defendants are liable for attorneys' fees and costs.

32.   Typicality (FRCP 23(a)(3)): The claims of the named Plaintiff(s) are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged

herein.

33.   <u>Adequacy</u> (<u>FRCP</u> 23(a)(4)): The named Plaintiff(s):

    a.   will adequately represent the members of the Classes;

    b.   will fairly protect the interests of the members of the Classes;

    c.   possess no interests antagonistic to the members of the Classes; and

    d.   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

34.   <u>Superiority</u> (<u>FRCP</u> 23(b)); (<u>CCP</u> §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

    a.   California has a public policy which encourages the use of the class action device;

    b.   By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.   This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d.   If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of

each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

   i)    a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

   ii)   a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

   iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

   iv)   potentially incompatible standards of conduct for Defendants;

   v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other

members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.    The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

i.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

35.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME

### WAGES AT THE LEGAL OVERTIME PAY RATE

### (On Behalf of the Overtime Rate Class)

### (Against All Defendants)

36.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

37.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a

timely fashion for their work.

38.    Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

39.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. § 207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

40.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

41.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

42.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

  a.    Administered a uniform company policy and practice regarding the payment of wages, including overtime and bonuses, to the members of the Overtime Rate Class;

  b.    Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight hours per workday and/or in excess of 40 hours per workweek;

///

c.    Paid the members of the Overtime Rate Class nondiscretionary bonuses; and

d.    Failed to pay the members of the Overtime Rate Class for all work accomplished in excess of 40 hours per week at the appropriate overtime rate, reflecting all applicable forms of remuneration, including but not limited to said bonuses, as required by law.

43.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code § 218 and Labor Code § 1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

44.    That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. *Collins v. Rocha* (1972) 7 Cal.3d 232; *Hypolite v. Carleson* (1975) 52 Cal.App.3d 566; *Employment Development Dept. v. Superior Court* (1981) 30 Cal.3d 256).

45.    Under Labor Code § 218.6, Labor Code § 1194(a) and Civil Code § 3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

46.    Under Labor Code § 218.5 and/or Labor Code § 1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///

///

///

///

///

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE LEGAL MEAL PERIODS

### (On Behalf of the Meal Period Class)

### (Against All Defendants)

47.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

48.    Labor Code § 226.7(b) provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated under an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

49.    Labor Code § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

50.    Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

51.    Section 11(C) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall

be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

52.    Section 11(D) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

53.    On one or more occasions, the members of the Meal Period Class worked over five hours per shift and therefore were entitled to an uninterrupted meal period of not less than 30 minutes.

54.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

       a.    Administered a uniform company policy and practice as to the policies regarding the members of the Meal Class;

       b.    Automatically scheduled meal breaks regardless of when members of the Meal Period Class started their shifts;

       c.    Failed to always provide the Meal Period Class members with a meal break prior to their exceeding five hours of employment;

       d.    Failed to always provide the Wage Class Members with a full and uninterrupted meal break;

       e.    As such, did not provide all legally compliant meal breaks.

55.    The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

///

56.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

57.    As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code § 226.7, Labor Code § 512, Labor Code § 516, and Section 11 of the IWC Wage Order(s) by failing to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

58.    Under Section 11(D) of the IWC Wage Order(s) and Labor Code § 226.7(c), which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.," the members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more meal periods were not provided to them, in a sum to be proven at trial.

59.    Under Labor Code § 218.6 and Civil Code § 3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES
### (On Behalf of the Wage Class)
### (Against All Defendants)

60.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61.     Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

62.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

63.     Labor Code § 1182.12, effective July 1, 2014, states: "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour." Further, under Labor Code § 1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and fifty cents ($10.50) per hour." Under Labor Code § 1182.12(b)(1)(B), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2018, to December 31, 2018, inclusive, - eleven dollars ($11) per hour." Under Labor Code § 1182.12(b)(1)(C), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2019, to December 31, 2019, inclusive, - twelve dollars ($12) per hour." Under Labor Code § 1182.12(b)(1)(D), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2020, to December 31, 2020, inclusive, - thirteen dollars ($13) per hour." Under Labor Code § 1182.12(b)(1)(E), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2021, to December 31, 2021, inclusive, - fourteen dollars ($14) per hour." Finally, under Labor Code § 1182.12(b)(1)(F), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2022, and until adjusted by subdivision (c) - fifteen dollars ($15) per hour."

64.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

65.    Further, under Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

66.    Under Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

67.    Under the IWC Wage Order(s), Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

68.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.    Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class;

    b.    Utilized an 'auto-deduct' meal period policy that automatically deducted sixty minutes for a meal break, regardless of whether the Wage Class members were actually provided a meal break;

    c.    As such, scheduled to work and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

69.    Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefore, this resulted in the members of

the Wage Class earning less than the legal minimum wage in the State of California.

70.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code § 218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

71.    Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the  Wage Class as described herein is unlawful and creates entitlement, under Labor Code § 1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

72.    Under Labor Code § 1194.2(a) (which provides that in any action under Labor Code § 1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

73.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation. (See, e.g., *Collins v. Rocha* (1972) 7 Cal.3d 232; *Hypolite v. Carleson* (1975) 52 Cal.App.3d 566; *Employment Development Dept. v. Superior Court* (1981) 30 Cal.3d 256.)

74.    Under Labor Code § 218.6, Labor Code § 1194(a), and Civil Code § 3287, the members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

75.     Under Labor Code § 218.5 and/or Labor Code § 1194, the members of the Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**FOURTH CAUSE OF ACTION**

**FAILURE TO FULLY REIMBURSE WORK EXPENSES**

**(On Behalf of the Reimbursements Class)**

**(Against All Defendants)**

76.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

77.     Under Labor Code § 450(a), "no employer…may compel or coerce any employee… to patronize his or her employer, or any other person, in the purchase of any thing of value."

78.     Under Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

79.     Labor Code § 2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

80.     As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to personal cellphone and internet usage.

81.     Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures.

82.    Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures, including but not limited to the aforementioned expenditures.

83.    As a proximate result of the aforementioned violations of Labor Code § 450(a) and §2802(a), the members of the Reimbursements Class are entitled to recovery from Defendants of the unpaid balance for all necessary expenditures, including but not limited to the aforementioned expenditures.

84.    As a proximate result of the aforementioned violations of Labor Code § 450(a) and § 2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of Trial.

85.    Under Labor Code § 2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

86.    Under Labor Code § 2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE §§ 212/450**

**(On Behalf of the LC 212 Class)**

**(Against All Defendants)**

71.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.    Labor Code § 212 states in pertinent part:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

///

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment;

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

73.  Labor Code § 450(a) states in pertinent part: "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value."

74.  Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 212 and 450 in that they paid the members of the LC 212 Class a nondiscretionary bonus or award with a code that could be used only on Defendants' own website to purchase goods on that site and was not redeemable for cash.

75.  Defendants' violation of Labor Code §§ 212 and 450 was willful, thus entitling the members of the LC 212 Class to damages, according to proof.

///
///
///
///

---

**ANTONIO HIRAM SANTILLAN v. VERIZON CONNECT, INC.**
**FIRST AMENDED COMPLAINT**

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE § 226

### (On Behalf of the Derivative Wage Statement Class)

### (Against All Defendants)

76.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

77.    At all relevant times, Plaintiffs and the other members of the Derivative Wage Statement Class were employees of Defendants covered by Labor Code § 226.

78.    Under Labor Code § 226(a), Plaintiffs and the other members of the Derivative Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

79.    Defendants failed to provide Plaintiffs and the other members of the Derivative Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

80.    Defendants maintained and continue to maintain a policy and practice of issuing wage statements that did not accurately reflect, inter alia, the hours worked and wages earned as a result of the practices alleged above. Defendants' practices resulted and continue to result in, the issuance of wage statements to Plaintiffs and other members of the Class that do not comply with the itemization requirements.

81.    Defendants' failure to provide Plaintiffs and other members of the Derivative Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and the other members of the Derivative Wage Statement Class with accurate wage statements, but intentionally provided wage statements that Defendants knew were not accurate.

///

82.    As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Derivative Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

83.    Under Labor Code § 226(e) Plaintiffs and other members of the Derivative Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

84.    Under Labor Code §§ 226(e) and 226(g), Plaintiffs and the other members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code § 226(e) reasonable attorney's fees and costs of suit.

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE §§ 201-202**

**(On Behalf of the LC 203 Class)**

**(Against All Defendants)**

85.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

86.    Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to 30 days from the due date thereof, until paid or until an action therefore is commenced.

87.    The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

88.    Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof, as a result of the practices alleged above.

89.    Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to 30 days thereafter.

90.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

91.    Thus, the members of the LC 203 Class are entitled to recovery under Labor Code §203.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE FLSA
### (On Behalf of the FLSA Collective Action Members)
### (Against All Defendants)

92.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

93.    For this cause of action only, "Plaintiffs" refers to the named Plaintiff(s), as well as all others similarly situated who give consent to sue in this action pursuant to the FLSA.

94.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

95.    At all times relevant to this action, Plaintiffs and Defendants were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.    Pursuant to 29 U.S.C. § 206(a)(1), "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (C) $7.25 an hour, beginning (July 24, 2010)."

97.    Pursuant to 29 U.S.C. § 207(a)(1), "[N]o employer shall employ any of his employees who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

98.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently and willfully failed to pay Plaintiffs and all others similarly situated at the applicable minimum hourly rate for every compensable hour of labor they performed in violation of 29 U.S.C. § 206(a).

99.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently and willfully failed to pay Plaintiffs and all others similarly situated overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

100.    The members of the FLSA Collective Action Membersare not exempt from overtime, including under any bona fide executive, administrative, or professional exemption or in the capacity of outside salesman or any other exemption pursuant to 29 U.S.C. § 213(a) or (b).

101.    Due to Defendants' FLSA violations as described herein, Plaintiffs, pursuant to 29 U.S.C. § 216(b), are entitled to recover from Defendants, jointly and

severally, their unpaid minimum wages and unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs of the action.

### NINTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
#### (On Behalf of the 17200 Class)
#### (Against All Defendants)

102.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

103.    B&PC § 17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

104.    B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state.

105.    B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

106.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

107.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

108.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

109.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

110.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

111.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

112.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

113.    Plaintiffs, on behalf of themselves and all others similarly situated, seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

**TENTH CAUSE OF ACTION**

**PENALTIES UNDER LABOR CODE § 2699**

**(On Behalf of the Aggrieved Employees)**

**(Against All Defendants)**

114.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

115.    Under Labor Code § 2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, board agencies or employees, such civil penalties may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees) and Labor Code § 2699(f) (which establishes a civil

penalty for violations of all Labor Code provisions except those for which a civil penalty is specifically provided), the aggrieved employees seek recovery of all applicable civil penalties, as follows:

    a.    As applicable, for civil penalties under Labor Code § 2699(f), for all violations of the Labor Code except for those for which a civil penalty is specifically provided, in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

    b.    As applicable, civil penalties under Labor Code § 558 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§ 500-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

    c.    As applicable, for civil penalties under Labor Code § 1197.1 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for violations of Labor Code §§ 1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed;

    d.    As applicable, for civil penalties under Labor Code § 210 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each employee who is/was not paid wages in accordance with Labor Code §§ 201.3,

204, 204b, 204.1, 204.2, 205, 205.5 and 1197.5)  in the amount of a civil penalty of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

e.      As applicable, for civil penalties under Labor Code § 226.3 (in addition to and entirely independent and apart from any other penalty provided in the Labor Code), for each violation of Labor Code § 226(a), in the amount of $250 for each aggrieved employee per pay period for each violation and $1,000 for each aggrieved employee per pay period for each subsequent violation; and

f.      As applicable, for any and all additional civil penalties and sums as provided by the Labor Code and/or other relevant statutes.

116.    In addition, Plaintiffs seek and are entitled to 75% of all penalties obtained under Labor Code § 2699 to be allocated to the LWDA, for education of employers and employees about their rights and responsibilities under the Labor Code, and twenty-five percent (25%) to Plaintiff and all other similarly situated aggrieved employees.

117.    Further, Plaintiffs are entitled to recover reasonable attorneys' fees and costs under Labor Code §§ 2699(g)(1) and any other applicable statute.

118.    Labor Code § 2699.3(a) states in pertinent part: "A civil action by an aggrieved employee under subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Here, Plaintiffs' civil action alleges violations of provisions listed in Labor Code §2699.5. As such, Labor Code §2699.3(a) applies to this action, and Labor Code

§ 2699.3(b) and § 2699.3(c) do not apply to this action.

119.   Labor Code § 2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received under paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given under paragraph (1), the aggrieved employee may commence a civil action under Section 2699."

120.   On March 5, 2021, Plaintiffs complied with Labor Code § 2699.3(a) in that Plaintiffs gave written notice by certified mail to the LWDA and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Attached hereto as Exhibit 1 is Plaintiffs' LWDA letter.

121.   As of May 10, 2021 (65 calendar days after Plaintiffs' LWDA letter was filed online), Plaintiffs had not received any notification that the LWDA intended to investigate the alleged violations. As such, Plaintiffs have complied with Labor Code § 2699.3(a) and have been given authorization therefrom to commence a civil action which includes a cause of action under Labor Code § 2699.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.    That the Court issue an Order certifying the Classes herein, appointing named Plaintiff as representative of all others similarly situated, and appointing all law firms representing named Plaintiff as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Overtime Wages at the Legal Overtime Pay Rate:

b.    For damages, as set forth in Labor Code § 1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

c.     For pre-judgment interest as allowed by Labor Code § 218.6, Labor Code § 1194(a) and CC § 3287;

d.     For an award of reasonable attorneys' fees and costs under Labor Code § 218.5 and/or Labor Code § 1194(a);

As to the Second Cause of Action for Failure to Provide All Legal Meal Periods:

e.     For one (1) hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided;

f.     For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code § 3287;

As to the Third Cause of Action for Failure to Pay All Wages:

g.     For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

h.     For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), as authorized by Labor Code § 1194.2(a);

i.     For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

j.     For pre-judgment interest as allowed by Labor Code § 218.6, Labor Code § 1194(a) and CC § 3287;

k.     For an award of reasonable attorneys' fees and costs under Labor Code § 218.5 and/or Labor Code § 1194(a);

As to the Fourth Cause of Action for Unpaid Reimbursements of Business Expenses:

l.     For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

m.     For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred

the necessary expenditure or loss, under Labor Code § 2802(b);

n.      For reasonable attorneys' fees and costs under Labor Code § 2802(c);

As to the Fifth Cause of Action for Violations of Labor Code §§ 212/450:

o.      For damages, according to proof;

As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

p.      For recovery as authorized by Labor Code § 226(e);

q.      For an award of costs and reasonable attorneys' fees under Labor Code §226(e) and/or §226(g);

As to the Seventh Cause of Action for Violations of Labor Code §§ 201-202:

r.      For recovery as authorized by Labor Code § 203;

As to the Eighth Cause of Action for Cause of Action for Violations of the FLSA:

s.      For unpaid minimum wages and unpaid overtime compensation;

t.      For an additional equal amount as liquidated damages;

u.      For additional liquidated damages for unreasonably delayed payment of wages;

v.      For reasonable attorneys' fees and costs;

As to the Ninth Cause of Action for Unfair Business Practices:

w.      For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

x.      For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

y.      For an Order requiring Defendants to make full restitution and payment under California law;

///

z.    For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

aa.    For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

bb.    For all other appropriate injunctive, declaratory and equitable relief;

cc.    For interest to the extent permitted by law;

dd.    For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action under Code of Civil Procedure § 1021.5, B&PC § 17200, et seq., Labor Code § 1194 and/or any other applicable provision of law;

As to the Tenth Cause of Action for Penalties Under Labor Code § 2699:

ee.    As applicable, for civil penalties under Labor Code § 2699(f), in addition to and entirely independent and apart from other penalties in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

ff.    As applicable, for civil penalties under Labor Code § 558, in addition to and entirely independent and apart from other penalties in the Labor Code, for violations of Labor Code §§ 1-556, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages to be paid to the aggrieved employees;

gg.    As applicable, for civil penalties under Labor Code § 1197.1, in addition to and entirely independent and apart from other penalties in the Labor Code, for violations of Labor Code §§1194 and 1197, in the amount of $100 for each underpaid aggrieved employee for each pay period the aggrieved employee was intentionally underpaid, and $250 for each subsequent violation for each underpaid aggrieved employees regardless of whether the initial violation was intentionally committed in

addition to an amount which is sufficient to recover unpaid wages to be paid to the aggrieved employees;

hh.    As applicable, for civil penalties under Labor Code §210, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

ii.    As applicable, for civil penalties per Labor Code §226.3, in addition to and entirely independent and apart from other penalties in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

jj.    As applicable, for reasonable attorneys' fees and costs incurred under Labor Code §§ 2699(g)(1) and any other applicable statute; and

kk.    As applicable, for such relief as this Court may deem just and proper;

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: May 9, 2023                    LAW OFFICES OF KEVIN T. BARNES

By:  */s/ Kevin T. Barnes*
                    Kevin T. Barnes, Esq.
                    Attorneys for Plaintiffs

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1041 Parkside Commons, Suite 101, Greensboro, GA 30642-4519, which is located in Greene County. The service occurred from 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361.

     On the date of execution hereof, I caused to be served the following attached document/s:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

| *Attorneys for Defendant:* | *Attorneys for Plaintiffs:* |
|---|---|
| Carrie A. Gonell, Esq.<br>Nancy Nguyen, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>600 Anton Boulevard, Suite 1800<br>Costa Mesa, CA 92626<br>Tel.: (714) 830-0600<br>Fax: (714) 830-0700<br>Carrie.Gonell@morganlewis.com | Raphael A. Katri, Esq.<br>LAW OFFICES OF<br>RAPHAEL A. KATRI<br>8549 Wilshire Boulevard, Suite 200<br>Beverly Hills, CA 90211-3104<br>Tel.: (310) 940-2034<br>Fax: (310) 733-5644<br>Katri@socallaborlawyers.com |
| | Vanessa Ruggles, Esq.<br>VANESSA M. RUGGLES, ESQ.<br>1717 E. Vista Chino, Suite A7<br>Palm Springs, CA 92262<br>Tel.: (760) 699-7215<br>Fax: (866) 606-6593<br>VMRuggles@gmail.com |

using the following service method(s):

  **X**  **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on **May 9, 2023**, at Los Angeles, California.

               */s/ Cindy Rivas*
               **Cindy Rivas**