Kevin T. Barnes, Esq. (#138477)
LAW OFFICES OF KEVIN T. BARNES
1041 Parkside Commons, Suite 101
Greensboro, GA 30642-4519
Tel.: (213) 793-9100
Email: Barnes@kbarnes.com

Vanessa M. Ruggles, Esq. (#254031)
VANESSA M. RUGGLES, ESQ.
1717 E. Vista Chino, Suite A7, PMB 117
Palm Springs, CA 92262-3569
Tel.: (760) 699-7215 / Fax: (866) 606-6593
Email: VMRuggles@gmail.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ANTONIO HIRAM SANTILLAN,
on behalf of all other similarly situated aggrieved employees

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO HIRAM SANTILLAN, on behalf of all other similarly situated aggrieved employees,<br><br>          Plaintiffs,<br><br>     v.<br><br>VERIZON CONNECT, INC., a Delaware corporation, and DOES 1 to 100, inclusive,<br><br>          Defendants. | **CLASS ACTION**<br><br>Case No. 3:21-cv-1257-H-KSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  June 12. 2023<br>Time: 10:00 a.m.<br><br>Honorable Marilyn L. Huff<br><br>Courtroom: 15A (15th Flr)<br><br>Action filed: May 19, 2021<br>Trial Date: None Set |

///

///

**PLEASE TAKE NOTICE THAT** on June 12, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Department 15A of the District Court for the Southern District of California, located at the James M. Carter and Judith N. Keep Courthouse, located at 333 West Broadway, San Diego, CA 92101, Plaintiff Antonio Hiram Santillan will move for an order to:

1. Preliminarily approve the proposed Settlement upon the terms, conditions, and all release language set forth in the Joint Stipulation of Class, Collective, and Representative Action Settlement And Release ("Settlement Agreement");

2. Confirm Simpluris, Inc., as the Settlement Administrator, approve the procedures for paying the Settlement Administrative Expenses, as set forth in the Settlement Agreement, and direct Simpluris, Inc., to perform all responsibilities of the Settlement Administrator as set forth in the Settlement Agreement.

3. Approve, as to form and content, the Notice of Class Settlement ("Class Notice" attached as Exhibit 2 to the Declaration of Kevin T. Barnes) and direct the mailing of the Class Notice via first class mail to the Class Members in accordance with the schedule and procedures set forth in the Settlement Agreement.

4. Approve the procedures for Class Members to opt out of or object to the non-PAGA and non-FLSA portions of the Settlement, and/or dispute the number of workweeks.

5. Approve the procedures for FLSA Members to opt in to the FLSA portion of the Settlement.

6. Set a final Fairness Hearing.

The Motion will be based on this Notice of Motion, the Declaration of Plaintiff's Counsel and exhibits thereto, the Memorandum of Points and

- 1 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT AND RELEASE; MEMORANDUM OF POINTS AND AUTHORITIES

1   Authorities, and on such oral and documentary evidence as may be presented at

2   the hearing of the Motion.

3

4   Dated: May 12, 2023                    LAW OFFICES OF KEVIN T. BARNES
                                           VANESSA M. RUGGLES, ESQ.
5
                                           By:  *s/ Kevin T. Barnes*
6                                               Kevin T. Barnes, Esq.
7                                               Vanessa M. Ruggles, Esq.
                                                Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 2 -

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................1

II.  RELEVANT BACKGROUND....................................................1

    A.  Procedural History ......................................................1

    B.  Mediation ................................................................3

III.  THE SETTLEMENT ...........................................................3

IV.  SETTLEMENT AGREEMENT AND ACCOMPANYING
DOCUMENTS ....................................................................4

V.  CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE
ACTION ...........................................................................5

VI.  PRELIMINARY APPROVAL OF SETTLEMENT..............................6

    A.  The Settlement provides substantial relief to Class Members,
reflecting adequate representation by Plaintiff and Class
Counsel. ..................................................................8

    B.  The proposal was negotiated at arm's length through a well-
respected mediator after extensive discovery...............8

    C.  The Settlement was reached after certification and extensive
discovery. .................................................................8

    D.  The proposal treats class members equitably relative to each
other. .......................................................................9

    E.  The settlement is fair weighing the strength of Plaintiff's case
against the risk, expense, complexity, and likely duration of
further litigation. ....................................................10

    F.  Class Counsel are experienced and consider the Settlement
to be an excellent result.............................................11

VII.  THE NOTICE PROCEDURE SHOULD BE APPROVED.................11

**VIII. ATTORNEY'S FEES AND INCENTIVE AWARD**..............................**12**

**IX.     PROPOSED SCHEDULE AND REQUESTED RELIEF**....................**13**

**X.     CONCLUSION**.................................................................**14**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL

21-cv-1257

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Barbosa v. Cargill Meat Solutions Corp.,*
    297 F.R.D. 431 (E.D. Cal. 2013)...............................................................11

*Campbell v. City of Los Angeles,*
    903 F.3d 1090 (9th Cir. 2018) ..................................................................5

*Clarke v. Insight Glob., Inc.,*
    No. 13-CV-0357-H (BLM), 2015 WL 13828417
    (S.D. Cal. Jan. 5, 2015)..........................................................................13

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992) ..................................................................7

*Cooks v. TNG GP,*
    2021 WL 5139613 (E.D. Cal. Nov. 4, 2021) ..............................................9

*Estes v. L3 Techs., Inc.,*
    No. 3:17-CV-02356-H-JMA, 2018 WL 3642085
    (S.D. Cal. Aug. 1, 2018)....................................................................12, 13

*Gomez-Gasca v. Future AG Mgmt. Inc.,*
    2020 WL 6149688 (N.D. Cal. Oct. 20, 2020) ...........................................10

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ...............................................................7, 8

*Hoffmann-La Roche Inc. v. Sperling,*
    493 U.S. 165 (1989)...............................................................................11

*In re Syncor ERISA Litig.,*
    516 F.3d 1095 (9th Cir. 2008) ..................................................................7

*In re Volkswagen,*
    895 F.3d 597 (9th Cir. 2018) ....................................................................7

*Lynn's Food Stores, Inc. v. United States,*

679 F.2d 1350 (11th Cir.1982) ...................................................................7

*Maciel v. Bar 20 Dairy, LLC,*
    No. 117CV00902DADSKO, 2020 WL 5095885
    (E.D. Cal. Aug. 28, 2020).................................................................5, 12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004)...........................................................9

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. Of San Francisco,*
    688 F.2d 615 (9th Cir. 1982) .................................................................6

*Ontiveros v. Zamora,*
    303 F.R.D. 356 (E.D. Cal. 2014)............................................................9

*Spann v. J.C. Penney Corp.,*
    314 F.R.D. 312 (C.D. Cal. 2016)............................................................6

*Vasquez v. Coast Valley Roofing, Inc.,*
    670 F.Supp.2d 1114 (E.D.Cal.2009) .....................................................7

**Statutes**

29 U.S.C. § 216...............................................................................3, 5

Labor Code § 201 ...............................................................................1

Labor Code § 202 ...............................................................................1

Labor Code § 212 ...............................................................................1

Labor Code § 226................................................................................2

Labor Code § 450 ...............................................................................1

Labor Code §2699 ..............................................................................1

**Rules**

Federal Rules of Civil Procedure, Rule 23 ............................5, 6, 7, 11

**Treatises**

4 Newberg on Class Actions § 13:10 (5th ed.)......................................6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

Plaintiff Antonio Hiram Santillan respectfully requests that this Court preliminarily approve the Joint Stipulation of Class, Collective, and Representative Action Settlement and Release ("Settlement Agreement"), direct that the Class Notice be disseminated to the Class Members, and schedule a hearing for final review. The Settlement provides for a non-reversionary settlement fund of $1,625,000 for approximately 537 Class Members in compromise of disputed claims for unpaid wages and penalties.

This Court should grant this Motion for the following reasons: (1) the Settlement warrants preliminary approval based on all indicia for fairness, reasonableness, and adequacy; (2) the proposed Class Notice content and procedures fully comport with due process and adequately apprise Class Members, FLSA Members, and PAGA Members of their rights; and (3) a final Fairness Hearing must be scheduled to allow Class Members an opportunity to be heard regarding the Settlement and to give it finality. Accordingly, for the reasons detailed below, Plaintiff respectfully requests that the Court grant this Motion in its entirety and preliminarily approve the Settlement.

## **II.    RELEVANT BACKGROUND**

### *A. Procedural History*

On May 19, 2021, Plaintiff filed a putative class action in San Diego County Superior Court, entitled *Antonio Hiram Santillan v. Verizon Connect, Inc.*, Case No. 37-2021-00023317-CU-OE-CTL. The complaint alleges the following claims: (1) failure to pay overtime wages at the legal overtime pay rate; (2) failure to provide all meal periods; (3) failure to pay all wages; (4) failure to reimburse business expenses; (5) violation of Labor Code §§ 212/450; (6) failure to timely furnish accurate itemized wage statements; (7) violations of Labor Code §§ 201-202; (8) unfair business practices; and (9)

penalties under Labor Code § 2699. Declaration of Kevin T. Barnes (Barnes Decl.) ¶ 2.

On July 12, 2021, Defendant Verizon removed the action to this Court. Barnes Decl. ¶ 3.

The Parties engaged in extensive discovery, including production of Defendant's policies, time records, pay records, expense reimbursement records, and sales call log records for 50% of the class members, the depositions of three Rule 30(b)(6) witnesses for Verizon Connect and Plaintiff, and a fully briefed and contested class certification motion. Barnes Decl. ¶ 4.

The Court granted in part Plaintiff's Motion for Class Certification on June 13, 2022, certifying the following classes:

> Class 1 - Overtime Rate Class: All California-based nonexempt employees employed by Defendant during the time period from May 19, 2017, to the present who received a "Recognizing You" bonus and worked overtime in the same pay period.

> Class 2 - Meal Period Class: All California-based nonexempt employees employed by Defendant during the time period from May 19, 2017, to the present to whom Defendant did not provide a meal break (or a one hour payment for any violations).

> Class 3 - Reimbursement Class: All California-based nonexempt Business Development Representative employees employed by Defendant during the time period from March 20, 2020 to July 1, 2020 who incurred unreimbursed phone expenses in discharging their duties for Defendant.

> Class 4 - Wage Statement Class: All California-based nonexempt employees employed by Defendant during the time period from May 19, 2020, to the present for whom Defendant did not maintain accurate records pursuant to Labor Code § 226(a) and (e);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

21-cv-1257

Class 5 - Failure To Timely Pay Wages Class: All California-based nonexempt employees employed by Defendant during the time period from May 19, 2018, to the present to whom Defendant failed to timely pay all wages due upon separation from employment from Defendant; and

Class 6 - 17200 Class: All California-based nonexempt employees employed by Defendant during the time period from May 19, 2017, to the present who were subjected to Defendant's unlawful, unfair, or fraudulent business acts or practices in the form of Labor Code and Wage Order violations regarding overtime wages, meal violations, unpaid wages, unreimbursed business expenses, wage statements, and payment of final wages.

Barnes Decl. ¶ 5; ECF No. 41.

## B. Mediation

On January 30, 2023, the Parties mediated this case before well-respected mediator Michael E. Dickstein, Esq. In preparation for mediation, Plaintiff hired an expert, Berger Consulting Group – Economic Data Analysts, to prepare damage calculations and an exposure analysis for the mediation. After the mediation, the Parties accepted the mediator's proposal as to certain material terms of the Settlement, including the Gross Fund Value of $1,625,000, and executed the Settlement Agreement on May 5, 2023. Barnes Decl. ¶ 6.

As part of the Settlement, the Parties agreed that Plaintiff would file a First Amended Complaint adding a cause of action under the Federal Labor Standards Act, 29 U.S.C. § 216. The Parties filed a Joint Motion For Leave to file Plaintiff's FAC on May 6, 2023. Barnes Decl. ¶ 7.  The Court granted the motion on May 9, 2023 (ECF No. 57), and Plaintiff filed the FAC the same day (ECF No. 59).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

21-cv-1257

## III.    THE SETTLEMENT

The Settlement represents a fair and reasonable recovery as set forth in the Declaration of Kevin T. Barnes. There is no claim form requirement, and no residual will revert to Defendant. Barnes Decl. ¶ 8.

Each Class Member **will receive an average of $1,800, with the highest possible award of $4,315.** These amounts shall be definitively calculated by the Settlement Administrator once this Court enters an Order preliminarily approving this Settlement. Barnes Decl. ¶ 12.

Additional proposed disbursements are as follows:

| | |
|---|---|
| 1) Attorneys' Fees (1/3): | $541,666.67 |
| 2) Litigation Expenses: | Up to $35,000 |
| 3) Settlement Administrator Costs: | $11,000 |
| 4) Class Representative Incentive Award: | $10,000 |
| 5) Payment to FLSA Members: | $25,000 to be distributed in pro rata shares to FLSA Members |
| 6) PAGA Penalties: | $25,000 ($18,750 is LWDA portion; $6,250 aggrieved employee portion) |

Barnes Decl. ¶ 9.

The Parties have agreed on Simpluris, Inc., as the Settlement Administrator and respectfully request that this Court appoint Simpluris, Inc. to handle the notice and claims administration procedures, including posting the Judgment on its website. Barnes Decl. ¶ 10; Ex. 3, Declaration of Jacob Kamenir, ¶¶ 8-12.

///

///

- 4 -

## IV.    SETTLEMENT AGREEMENT AND ACCOMPANYING DOCUMENTS

The Parties are filing all settlement and notice documents with this Motion for Preliminary Approval: 1) The Joint Stipulation of Class, Collective, and Representative Action Settlement and Release ("the Settlement Agreement") (**Exhibit 1**); 2) the Notice of Class Action Settlement (**Exhibit 2**). Barnes Decl. ¶ 11.

A [Proposed] Order Granting Preliminarily Approval of Settlement is being filed concurrently with this Motion. The Parties respectfully request that this Court approve these documents to be disseminated to the Class consistent with the manner and timing as set forth in this Memorandum.

## V.    CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION

Under the FLSA, an employee may bring a collective action on behalf of other similarly situated employees. 29 U.S.C. § 216(b). Thus, a district court's approval of preliminary certification of an FLSA collective action is "conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1109 (9th Cir. 2018). A party plaintiff and putative collective members are "similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117.

"The limited statutory requirements of a collective action are independent of, and unrelated to, the requirements for class action under Rule 23, and, by omitting most of the requirements in Rule 23 for class certification, necessarily impose a lesser burden." *Id*. at 1112 (internal quotation marks and citations omitted). The Court's "level of consideration is lenient" and focuses on whether the pleadings establish a "reasonable basis" for determining that

- 5 -

the putative members are similarly situated. *Id*. at 1109. "A grant of preliminary certification results in the dissemination of a court-approved notice to the putative collective action members." *Id.*

Because the Court has already certified the aforementioned classes, it has necessarily determined that Plaintiff and the putative FLSA Members are similarly situated and share similar issues of law and/or fact material to the disposition of their FLSA claims. See *Maciel v. Bar 20 Dairy, LLC,* No. 117CV00902DADSKO, 2020 WL 5095885, at *12 (E.D. Cal. Aug. 28, 2020) (holding that where a class satisfies requirements for certification under Rule 23, "the proposed certification of a collective action under the FLSA also satisfies the FLSA's less stringent requirement that the members be 'similarly situated'"). As such, Plaintiff requests that the Court certify the FLSA collective action. Barnes Decl. ¶ 13.

## VI.    PRELIMINARY APPROVAL OF SETTLEMENT

Federal Rule of Civil Procedure 23(e) instructs that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Pro. 23(e). "The primary concern ... is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

"Approval of a class action settlement requires a two-step process—a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). The primary objectives of preliminary approval are to determine whether a notice of the proposed settlement should be sent to the class and whether the court should schedule a final fairness hearing. 4 Newberg on Class Actions § 13:10 (5th ed.).

Rule 23(e)(2) provides that a settlement can be approved as "fair,

reasonable, and adequate" after considering whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) [any statement by the parties identifying any agreement made in connection with the proposal]; and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2).

Ninth Circuit decisions predating this rule list several similar factors district courts may consider when weighing a proposed settlement agreement, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the amount offered in settlement; (4) the extent of discovery completed and the stage of the proceedings; and (4) the experience and views of counsel. *In re Volkswagen,* 895 F.3d 597, 610 n.18 (9th Cir. 2018); see also Fed. R. Civ. P. 23, Advisory Committee's Notes to 2018 Amendment (explaining factors listed in Rule 23(e)(2) are not intended to "displace" factors listed in existing judicial decisions).

"[S]trong judicial policy ... favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). The Court's review of the settlement is meant to be "extremely limited" and should consider the settlement as a whole. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

- 7 -

The settlement of an FLSA collective action also requires court approval. See *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir.1982). A proposed settlement should be approved if the court determines that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*; see also *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1124 (E.D.Cal.2009) ("Subject to final approval at a later date, conditional certification of a settlement class under the FLSA is appropriate.").

The settlement amount for each participating Class Member, PAGA Member, and FLSA Member is fair, reasonable, and adequate given the inherent risk of litigation, the risk relative to trial, and the costs of litigation. The Settlement  represents a fair and reasonable value of all class, PAGA, and FLSA claims. There is no claim form required so all Class Members will be paid unless they opt out, and Class Members who are also FLSA Members and/or PAGA Members need only deposit their check. There is no reversion to Defendant. The Gross Fund Value balanced against the merits of the Plaintiff's case is reasonable. Barnes Decl. ¶ 14.

## A.    The Settlement provides substantial relief to Class Members, reflecting adequate representation by Plaintiff and Class Counsel.

The Settlement here will result in substantial benefits to all Class Members and is in the best interest of the classes. The Net Settlement Amount will be approximately $977,333.33, resulting in a payout of $13.92 per workweek. The average Class Member will receive over $1,800, with the highest possible award of $4,315. This is an excellent result, especially considering the reasonable exposure for these claims. Barnes Decl. ¶ 15.

## B.    The proposal was negotiated at arm's length through a well-respected mediator after extensive discovery.

To approve the Settlement Agreement at this stage, the Court must find

first it is "not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Hanlon*, 150 F.3d at 1027.

The Settlement was reached through arm's-length negotiation with an experienced, highly regarded mediator, Michael E. Dickstein, who is very familiar with this type of class action in its substance and procedure. The Parties agreed on a Settlement ultimately through the mediator's proposal subsequent to the mediation and further negotiations. Barnes Decl. ¶ 16.

**C.    The Settlement was reached after partial certification and extensive discovery.**

The court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement. See *Ontiveros v. Zamora,* 303 F.R.D. 356, 371 (E.D. Cal. 2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution."). "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 527 (C.D. Cal. 2004).

Before mediation, the Parties engaged in extensive formal discovery, including two motions to compel, production of extensive documentation including a 50% sample of the class list, policies, and a sampling of 50% of Class Members' time and records, pay records, expense reimbursement records, and sales call log records. Plaintiff conducted Class Member interviews and hired an expert, Berger Consulting Group – Economic Data Analysts, to prepare damage calculations and an exposure analysis for class certification and mediation, and fully briefed a contested class certification motion. Because the litigation was at an advanced stage when the Parties

- 9 -

1   reached settlement, they had more than sufficient information to fully evaluate

2   the merits of this action. Barnes Decl. ¶ 17.

3       **D.      The proposal treats class members equitably relative to each**

4       **other.**

5       The Settlement here provides pro rata distribution to Class Members

6   based upon the number of weeks worked. Accordingly, the Settlement

7   Agreement treats the Class Members equitably, and the proposed distribution

8   plan supports preliminary approval. Barnes Decl. ¶ 18; see *Cooks v. TNG GP*,

9   2021 WL 5139613 at *4 (E.D. Cal. Nov. 4, 2021) (observing that the

10  calculation of payments to class members "on a pro-rata basis based on the

11  number of compensable workweeks each member worked ... is fair and treats

12  class members equitably"); see also *Gomez-Gasca v. Future AG Mgmt. Inc*.,

13  2020 WL 6149688 at *4 (N.D. Cal. Oct. 20, 2020) (noting that in the

14  preliminary approval stage, "the Court approved the proposed plan pro rata

15  allocation based on the number of workweeks the class member performed

16  work during the Class Period").

17      **E.      The settlement is fair weighing the strength of Plaintiff's case**

18      **against the risk, expense, complexity, and likely duration of further**

19      **litigation.**

20      The Settlement that has been reached, subject to this Court's approval, is

21  the product of tremendous effort and a great deal of expense by the Parties and

22  their Counsel. Based on the documents and information provided by

23  Defendant, and their own independent investigation and evaluation, Class

24  Counsel and Plaintiff are of the opinion that the Settlement with Defendant for

25  the consideration and on the terms set forth in the Settlement Agreement is

26  fair, reasonable, and adequate, and is in the best interest of the Class Members

27  in light of all known facts and circumstances, including the risk of significant

28  delay and uncertainty associated with litigation, various defenses asserted by

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL

Defendant, and numerous potential appellate issues. Barnes Decl. ¶ 19.

The Gross Fund Value is, of course, a compromise figure. Plaintiff took into account the risks of decertification, the risks related to proof of Plaintiff's claims, and the strengths and weaknesses of Defendant's defenses. Plaintiff also took into account the possibility that if a settlement were reached after additional years of litigation, the great expenses of litigation would reduce the amount of funds available to class members for settlement. Furthermore, Plaintiff took into consideration the time delay and financial repercussions of liability trials, numerous damages trials, and the possibility of an appeal by Defendant. Barnes Decl. ¶¶ 20-30.

The Settlement represents approximately 50% of the reasonable expected recovery, which demonstrates that the settlement is fair and reasonable**.** Barnes Decl. ¶ 29.

### F.    Class Counsel are experienced and consider the Settlement to be an excellent result.

The attorneys representing the Class have a great deal of experience in wage and hour class action litigation and have been approved as class counsel in numerous other wage and hour class actions. Barnes Decl. ¶¶ 35-40; Ruggles Decl, ¶¶ 3-4; Katri Decl. ¶¶ 3-5. Based on that experience, with the information produced by Defendant, Counsel was able to negotiate a sizable recovery for the Class Members.

In the opinion of Class Counsel, the Settlement will result in substantial benefits to all Class Members and is in the best interest of the classes. These opinions of counsel are entitled to significant weight and support approval of the Settlement. See *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) ("the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.").

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

21-cv-1257

## VII.   THE NOTICE PROCEDURE SHOULD BE APPROVED.

Under Rule 23(e), the Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Plaintiff must provide notice that is "timely, accurate, and informative." See *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

As detailed in the Settlement Agreement, the Parties selected Simpluris, Inc., an experienced class action settlement administrator, to administer this Settlement. Following preliminary approval, Simpluris, Inc. will mail the Class Notice packet per the requirements of the Settlement Agreement. Barnes Decl. ¶ 31.

The Class Notice provides proper notice to the Class of the terms of the Settlement Agreement and the options available to the Class, including the ability of the Class Members to Opt-Out or submit a request for exclusion from the non-PAGA and non-FLSA portion of the Settlement and not be bound by the non-PAGA and non-FLSA portion of the Settlement Agreement or receive any Class Settlement Payment under it; to object to the terms of the Settlement; or to do nothing and receive a Settlement Payment and be bound by the terms of the Settlement; the date of the Final Approval hearing, and how to obtain further information through Class Counsel, the Administrator's website, or the Court's docket. Barnes Decl. ¶ 32.

Class Members will receive separate checks for the class portion, PAGA portion, and FLSA portion, respectively. The Administrator will shall include the following language on each separate FLSA Settlement Payment check: "By signing and negotiating this check, I affirm that I have elected to opt in to the settlement of the Released FLSA Claims in the action *Santillan v. Verizon Connect, Inc*., pending in the United States District Court for the Southern District of California as Case No. 3:21-cv-1257-H-KSC, and hereby release the

Released FLSA Claims in that action." Barnes Decl. **Exhibit 1**, Settlement Agreement ¶ E.55.(h), (i). This opt-in procedure complies with the requirements of the FLSA. *See Maciel v. Bar 20 Dairy, LLC*, No. 117CV00902DADSKO, 2020 WL 5095885, at *1 (E.D. Cal. Aug. 28, 2020) (preliminarily approving settlement where "Class Member[s] can opt-in by endorsing and cashing their FLSA Settlement Check. …Only Class Members who cash their FLSA Settlement Checks will release their FLSA Claims."). Barnes Decl. ¶ 33.

This Court has approved notice content and procedures similar to those proposed here. *Estes v. L3 Techs., Inc.,* No. 3:17-CV-02356-H-JMA, 2018 WL 3642085, at *7 (S.D. Cal. Aug. 1, 2018). Plaintiff respectfully requests that the Court approve the Class Notice and the procedures agreed to by the parties. Barnes Decl. ¶ 34.

## VIII.    ATTORNEY'S FEES AND INCENTIVE AWARD

As agreed by the parties, Class Counsel will include in the Motion for Final Approval a request for reimbursement of litigation expenses of up to $35,000 and an award of fees not to exceed $541,666.67. Barnes Decl. **Exhibit 1**, Settlement Agreement, ¶ 55. This request is "within the permissible range of acceptable attorneys' fees in Ninth Circuit cases." *Estes v. L3 Techs., Inc*., No. 3:17-CV-02356-H-JMA, 2018 WL 3642085, at *6 (S.D. Cal. Aug. 1, 2018). Barnes Decl. ¶ 41.

Plaintiff will also request an Incentive Award of $10,000. Barnes Decl. **Exhibit 1**, Settlement Agreement, ¶ 55; Santillan Decl. ¶¶ 5-11. This Court has previously awarded a higher incentive award on lower settlement amounts. *See Clarke v. Insight Glob., Inc.*, No. 13-CV-0357-H (BLM), 2015 WL 13828417, at *8 (S.D. Cal. Jan. 5, 2015) (approving incentive award $15,000 incentive award on $450,000 settlement). Barnes Decl. ¶ 43.

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

21-cv-1257

### IX.    PROPOSED SCHEDULE AND REQUESTED RELIEF

The Parties propose the following schedule for the fairness hearing and final proceedings:

| Event | Date |
|---|---|
| **First mailing of Notice to Class** | **Within 14 days after receipt of Class Member data from Verizon Connect.** |
| **Deadline to postmark Objection, Request for Exclusion, and/or Work Weeks Dispute** | **45 days after mailing of Class Notice.** |
| **Filing date for Final Approval Motion** | **On a date that is 100 days after the Preliminary Approval Date, or as soon thereafter as is convenient for the Court.** |
| **Fairness Hearing and Final Certification** | **On a date that is convenient for the Court.** |

The Parties respectfully request that the Court, as part of the preliminary approval process, do the following:

1.    Preliminarily approve the proposed Settlement upon the terms, conditions, and all release language set forth in the Settlement Agreement;

2.    Confirm Simpluris, Inc., as the Settlement Administrator, approve the procedures for paying the Settlement Administrative Costs, as set forth in the Settlement Agreement, and direct Simpluris, Inc., to perform all responsibilities of the Settlement Administrator as set forth in the Settlement Agreement.

3.    Approve, as to form and content, the Notice of Class Action Settlement and direct the mailing of the Class Notice via first class mail to the Class Members in accordance with the schedule and procedures set forth in the Settlement Agreement.

1       4.      Approve the procedures for Class Members to opt out of the non-

2   PAGA and non-FLSA portions of the Settlement, object, and/or dispute the

3   number of workweeks.

4       5.      Set a final fairness hearing.

5   **X.**    **CONCLUSION**

6       Based upon the foregoing, Plaintiff respectfully requests that the Court

7   grant this motion for Preliminary Approval of the Class, Collective, and

8   Representative Action Settlement and Release and enter the Proposed Order.

9   Dated: May 12, 2023          LAW OFFICES OF KEVIN T. BARNES
                        VANESSA M. RUGGLES, ESQ.

10

11                     By:   *s/ Kevin T. Barnes*
                        Kevin T. Barnes, Esq.

12                           Vanessa M. Ruggles, Esq.
                        Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL